UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>) | Criminal Action No. 91-131-03 (RCL) |
| v. )<br>)<br>TYRONE BRAWNER, )<br>)<br>Defendant. )<br>) | |

## MEMORANDUM & ORDER

### I. INTRODUCTION

Before the Court is defendant Tyrone Brawner's motion [Dkt. 39] under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines. Upon consideration of the motion, applicable law, and the entire record herein, the motion will be DENIED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, a jury rendered a verdict of guilty against Brawner for the unlawful possession with intent to distribute 5 grams or more of cocaine base, also known as crack, in violation of 21 U.S.C. §§841(a)(1) and § 841(b)(1)(B)(iii) [Count One]; use of a firearm during the course of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) [Count Two]; and unlawful possession of a firearm in interstate commerce by a felon, in violation of 18 U.S.C. § 922(g) [Count Three]. At sentencing, the Court found an adjusted offense level of 34 based on defendant's status as a career offender, and a combined adjusted offense level of 36 pursuant to U.S.S.G. § 3D1.4. The Court found that defendant had a category VI criminal history. Accordingly, defendant's applicable sentencing range was 324-405

months of incarceration. The Court sentenced defendant to 324 months on Count One, 60 months on Count Two, and 120 months on Count Three. The Court determined that the terms of incarceration on Counts One and Three would be served concurrently, and the term of incarceration in Count Two would be served consecutively, as required by statute. Accordingly, the Court sentenced defendant to a 384-month term of incarceration for all three counts, to be followed by a four-year term of supervised release.

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two level reduction in the base offense level for crack cocaine offenses because of sentencing disparities between crack and powder cocaine. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On September 2, 2008, the defendant filed a Pro Se Motion for Reduction of Sentence Under 18 U.S.C. § 3582 and the Amendments to the Guidelines. For the reasons that follow, defendant's motion will be denied.

### III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction. Brawner, however, is unable to avail himself of

this reduction because the district court did not sentence Brawner under the crack cocaine offense guidelines. Rather, it sentenced him under U.S.S.G. § 4B1.1, the career offender guideline. Consequently, Amendment 706, which does not amend the career offender sentencing guidelines, has no effect on the ultimate sentencing range imposed on Brawner. *See United States. v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert denied*, 129 S. Ct. 965 (2009) (noting that § 3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range"); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); *United States v. Williams*, 551 F.3d 182, 185-86 (2nd Cir. 2009); *United States v. Sharkley*, 543 F.3d 1236, 1238-39 (10th Cir. 2008); *United States v. Nabried*, 310 Fed. Appx. 529, 532 (3rd Cir. 2009); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008); *see also United States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008) (stating same in dicta).

This position is consistent with U.S.S.G. § 1B.10(a), the applicable Sentencing Commission policy statement, which provides that a court may reduce a defendant's sentence so long as the reduction is consistent with the policy statement. Reducing a defendant's sentence is *not* consistent with the policy statement if none of the amendments listed in § 3582(c)(2) apply to the defendant, or an amendment listed therein "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Martinez*, 572 F. 3d 82, 86 (2nd Cir. 2009) (citing U.S.S.G. § 1B1.10(a)).

Furthermore, the Court sentenced defendant on Count Two to a 60-month term to run consecutively to his sentence on the other two counts. The Court was required to do this by 18 U.S.C. § 924(c)(1), which provides a mandatory 5-year (60-month) sentencing enhancement following conviction under this subsection. Amendment 706 has no effect on this sentencing enhancement.

Accordingly, for the reasons stated in this opinion, defendant's motion will be denied.

## IV. CONCLUSION AND ORDER

The defendant was sentenced pursuant to U.S.S.G. § 4B1.1, the career offender guideline, rather than under the sentencing guidelines for crack cocaine. Therefore, this Court has no power to modify his sentence under 18 U.S.C. § 3582(c)(2). Accordingly, it is hereby

ORDERED that defendant's motion is denied.

SO ORDERED.

_____  _____
Chief Judge Royce C. Lamberth         Date
                                       6/30/10